[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'SMOTION TO STRIKE JURY DEMAND BY DEFENDANT
This is an action to enforce the state hazardous waste laws and regulations against the defendant company pursuant to Section 22a-449 (c) C.G.S.A. The Commissioner is seeking cure penalties, recovery of the costs and expenses incurred by the state in detecting, investigating, abating, and controlling the defendant's alleged violations of those previously mentioned laws and an injunction to enforce compliance with the law.
The defendant company requested a jury trial and the plaintiff Commissioner moves to strike that request.Carothers v. Conn. Building 2 Wrecking Inc., 227 Conn. 175,182 (1993) would seem to govern this case. There as here the plaintiff is seeking injunctive relief and civil penalties. Carothers shouldn't be used as a talisman to CT Page 5244 routinely deny jury claims in cases involving attempts by the state to enforce broad regulatory schemes. In State v.Moorad, 11 Conn. L.Rptr 211 (1994) the state sought recovery for overpayments made to a health care provider under 17-83k and the court believed the action sounded in debt therefore entitling the defendant doctor to a jury trial. The relief demanded in this case however cannot be so characterized.
The defendant doesn't seem to deny that Carothers
would seem to be controlling if the only determination of its right to a jury trial was the nature of the relief sought by the state in this case.
However, the defendant company does raise two novel arguments. One can be said to be perhaps a supremacy clause argument and the other an equal protection argument. The defendant points out that this action is maintained against the defendant for alleged violations of federal hazardous waste regulations promulgated by the United States Environmental Protection Agency pursuant to the federal Resource Conservation and Recovery Act as incorporated into state Department of Environmental Protection regulations.
This action is maintained by DEP rather than in federal court by the federal EPA because Connecticut is one of the states EPA has delegated authority to enforce the previously mentioned federal act. According to 42 U.S.C. § 6926(b) (1988), in order to have state enforcement of these federal laws the state program must (1) be "equivalent" to the federal program, (2) be consistent with federal or state hazardous waste programs applicable to other states, and (3) provide for adequate enforcement of the requirements of the federal statute and the approved state program.
The defendant argues and it is no doubt true that inTull v. United States, 481 U.S. 412, the Supreme Court held that actions by the government seeking civil penalties and injunctive relief under the Clean Water Act must afford a defendant a trial by jury as to issues of liability.
Carothers is not controlling argues the defendant because that case involved an action to collect a civil penalty for a violation of Connecticut's solid waste CT Page 5245 management laws. Here, in contrast, the penalties being sought by the state are for alleged violation of federal regulatory requirements under the federal Resource Conservation and Recovery Act. Thus the state court has a duty to adopt the holding of Tull in this type of case.
But it is clear that Tull was decided under the Seventh Amendment to the federal constitution which has only been applied to the federal courts and never to the states. The point is that even though a federal statute may be being enforced in a state court it is difficult to see how that mandates that a state court falls under the strictures of Seventh Amendment law developed in Tull for the federal courts. It certainly doesn't apply the other way around. In a case arising under diversity jurisdiction state statute giving a contract creditor the right to maintain a bill in equity to set aside a debtor's fraudulent conveyance, where the validity of the claim can be adjudicated can't be enforced in the federal district courts because it conflicts with the federal right to a jury trial. Cates v. Allen, 149 U.S. 452 (1893).
The cases cited by the defendant, Lytle v. SouthernRailway, 171 S.E. 42, 43 (S.C., 1933) and Hess v. GreatAtlantic Pacific Tea Co., 520 F. Sup. 373, 376 (N.D. Ill, 1981) are really not on point. These cases merely stand for the proposition that state courts are obliged when interpreting the substantive provisions of federal statutes to follow federal court decisions. There can be no claim here beyond a semantic one that the right to a jury trial question has anything to do with questions concerning the type of conduct being regulated by the federal statutes what is or is not prohibited activity, the method by which fines or penalties are to be calculated, etc. — all of which concern substantive issues which may have to be controlled by federal law.
The defendant next argues that a jury trial is required "to effect uniform administration of" the federal Resource Conservation and Recovery Act; "any other conclusion would lead to inconsistency among state programs and a lack of uniformity within the federal RCRA program." It is unclear however what ascertainable difference in administration of the act or what inconsistency in result will be brought about by having a different type of trier CT Page 5246 of fact in our state as opposed to other states and the federal courts which enforce the act. Certainly when other federal statutes are enforced in our courts no one would argue for example that we must adopt the federal rules of practice; in diversity cases the federal courts don't adopt the procedural rules of the state where they are sitting. There are a whole variety of Connecticut procedures — motions to dismiss, strike, summary judgment, and claims of law in court trials — where the substantive requirements of the federal regulatory scheme can be applied and tested under federal decisional law to ensure uniformity in the administration of the Federal Act 42 U.S.C. § 6929.
Also the defendant company's argument on equal protection grounds must be rejected. Certainly in this state there is no equal protection claim since underCarothers all citizens and litigants involved in cases with similar claims for relief do not have a right to a jury trial. There can hardly be an equal protection claim based on the fact that defendants in other states enforcing the act have the right to a jury trial or that defendants have the right to a jury trial where the act is being enforced in federal court. These defendants are in different jurisdictions facing different procedural rules and having different procedural rights. By definition they are not similarly circumstanced. Neither is the decision by the federal government to allow enforcement of the federal statute in Connecticut — where as distinguished from other jurisdictions jury trials are not provided — a violation of federal due process by the federal government; due process except in criminal cases does not require a trial by jury. Although the equal protection analysis of the Fourteenth Amendment has been imported into the Fifth Amendment,Delaware Tribal Business Committee v. Weeks, 430 U.S. 73,Buckley v. Valeo, 424 U.S. 1, the federal decision to have Connecticut enforce the federal statute where there is no jury trial right does not represent that type of invidious discrimination which would either invalidate the delegation to enforce the act or require state court to provide jury trial in a type of case where no other citizen of that state would have one.
The federal legislation and the history of how the act has been administered suggests that there is an overriding interest in delegating enforcement to the states. The fact CT Page 5247 that in some instances such a delegation will be to a state that doesn't provide a jury trial does not invalidate the propriety of the delegation given the apparent desirability of such delegation for federal enforcement purposes.
The motion to strike is granted.
Corradino, J.